Filed 9/20/21  P. v. Hoppers CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>BRIAN TIMOTHY HOPPERS,<br><br>  Defendant and Appellant. | 2d Crim. No. B307713<br>(Super. Ct. No. 19CR08851)<br>(Santa Barbara County) |

Brian Timothy Hoppers appeals from the judgment after the court sentenced him to three years in state prison. Hoppers contends the trial court abused its discretion when it denied his request for probation and sentenced him to the upper term.  We affirm.

**FACTS AND PROCEDURAL HISTORY**

Hoppers and R.M. were in a relationship for several years.  In June 2018, Hoppers was convicted of committing battery against R.M. (Case No. 18CR02380).  He was placed on three years' probation.

After their relationship ended, R.M. asked Hoppers multiple times to stop contacting her, but he refused. Hoppers contacted her several times a day. At times, he threatened to hurt himself or leak nude photos of her to her family and employer if she did not agree to meet with him. Between November 2018 and October 2019, R.M. changed her place of residence three times to evade Hoppers. Each time, Hoppers would find out where she lived and show up at her door "almost every day." R.M. also changed her phone number four times, but Hoppers would find her phone number and call or text her using a different number. Hoppers also showed up at R.M.'s workplace on four occasions. R.M. said she was "concerned for [her] safety." In September 2019, Hoppers was served with a criminal protective order, which prohibited him from contacting R.M.

In January 2020, the Santa Barbara County District Attorney charged Hoppers with four counts of various offenses involving R.M. (i.e., stalking, prowling, domestic violence/ contempt of court, and dissuading a witness). In February 2020, Hoppers pled guilty to one count of dissuading a witness (Pen. Code,[1] § 136.1, subd. (a)) and admitted a probation violation in Case No. 18CR02380. The plea agreement provided that he would return for sentencing on a later date. Hopper was released pursuant to a *Cruz*[2] waiver—he was informed that if he failed to appear for sentencing or committed a new offense pending sentencing, the court could impose any lawful sentence up to the maximum of three years in state prison.

---

[1] Further unspecified statutory references are to the Penal Code.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247.

2

Hoppers violated the terms of the *Cruz* waiver.  He violated the protective order by contacting R.M., and was also arrested for possession of methamphetamine.

Before the sentencing hearing, the trial court considered Hoppers's probation report.  The report included his criminal history, which included a 2009 conviction for possessing a controlled substance (Health & Saf. Code, § 11350, subd. (a)) and driving under the influence (Veh. Code, § 23140, subd. (a)).  In June 2018, he was convicted of battery against R.M. and was granted three years' probation.  The report noted that Hoppers violated probation twice, and probation was reinstated after both violations.  In September 2019, he again violated probation, and that violation was still pending.  In September 2018, he was convicted of shoplifting and was placed on three years' probation.  He violated probation in that case twice.

The probation report also noted that while Hoppers was in jail on the instant offense, he violated the protective order on 15 separate occasions by attempting to call R.M. on the jail telephone.

The probation report noted three factors in aggravation:  (1) Hoppers's "prior convictions as an adult are numerous or of increasing seriousness [Rule 4.421(b)(2)]"; (2) he "was on probation when the crime was committed [Rule 4.421(b)(4)]"; and (3) his "prior performance on probation was unsatisfactory [Rule 4.421(b)(5)]."  No circumstances in mitigation were listed.

The court denied probation.  The court stated that it had "absolutely no faith that [Hoppers] will be able to follow the terms of probation and stay away from drugs and stay away from the complaining witness in this case."  The court found that

3

Hoppers was "obsessed" with R.M. and noted that he blamed R.M. for violating the no-contact order. The court emphasized Hoppers's past incidents of domestic violence with R.M., his behavior of "stalking" her, and his inability "to abide by [the] no-contact terms" as reasons to deny probation.

The court imposed the upper term of three years. The court stated: "And as far as the upper term is concerned, I'm going to find that the factors in aggravation, as set forth in the probation report, the additional factors in aggravation given your conduct post-release, with the full understanding that you were to have no contact and not to take drugs, outweigh the factors in mitigation. Probation listed no factors in mitigation."

## DISCUSSION

Hoppers contends the trial court erred when it denied probation and sentenced him to the upper term of three years. He contends the court should have instead ordered treatment such as a mandatory batterer's program on probation. His contentions lack merit.

"'A denial or a grant of probation generally rests within the broad discretion of the trial court and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner.' [Citation.] A court abuses its discretion 'whenever the court exceeds the bounds of reason, all of the circumstances being considered.' [Citation.] We will not interfere with the trial court's exercise of discretion 'when it has considered all facts bearing on the offense and the defendant to be sentenced.' [Citation.]" (*People v. Downey* (2000) 82 Cal.App.4th 899, 909-910.)

The trial court did not abuse its discretion. Hoppers demonstrated his inability to follow the terms of probation—his

4

prior performance on probation was unsatisfactory; he was on probation when he committed the instant offense; and he violated the terms while released pending sentencing. The court also properly reasoned that Hoppers would not likely be successful on probation as he demonstrated he was still "obsessed" with R.M. Notably, he could not comply with the no-contact order, continued to stalk her, and continued to blame her for his violations of the no-contact order. Under these circumstances, the court properly denied probation.

The trial court also did not err when it imposed the upper term of three years in state prison. "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." (§ 1170, subd. (b).) The sentencing judge "may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision. The relevant circumstances may be obtained from the case record, the probation officer's report, other reports and statements properly received, statements in aggravation or mitigation, and any evidence introduced at the sentencing hearing." (Cal. Rules of Court, rule 4.420(b).) "The court shall state the reasons for its sentence choice on the record at the time of sentencing." (§ 1170, subd. (c).) In selecting an appropriate term, the court has "'wide discretion in weighing aggravating and mitigating factors.'" (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582.) "A single factor in aggravation will support imposition of an upper term." (*People v. Carron* (1995) 37 Cal.App.4th 1230, 1241.) We will affirm the court's decision unless there is a clear showing the sentencing choice was arbitrary or irrational. (*Avalos*, *supra*, at p. 1582.)

5

Here, the trial court did not abuse its discretion.  The probation report identified three aggravating factors (i.e., his criminal history, that he was on probation when he committed the instant offense, and his unsatisfactory performance on probation) and no mitigating factors.  (See Cal. Rules of Court, rule 4.421(b)(2), (4), and (5).)  The court also properly relied upon Hoppers's post-release conduct, including his repeated violations of the protective order and drug possession.  The trial court clearly acted within its proper discretion.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

YEGAN, Acting P. J.

PERREN, J.

James E. Herman, Judge

Superior Court County of Santa Barbara

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.